UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Michael Cleary and Janet Cleary,                          Case No.   1:11-dp-20820

        Plaintiffs,

v.                                                                              ORDER

DePuy Orthopaedics, Inc., et al.,

        Defendants.

### I.   MOTION TO WITHDRAW

Counsel for Plaintiffs Michael and Janet Cleary seek leave to withdraw.  (Doc. No. 28). Counsel notified Plaintiffs of their intention to withdraw, and Plaintiffs previously indicated they had no objection to counsel's withdrawal.  (Doc. No. 14).

An attorney's "withdrawal is presumptively appropriate where the [Model Rules of Professional Conduct and the Local Rules] requirements are satisfied."  *Brandon v. Blech*, 560 F.3d 536, 538 (6th Cir. 2009).  The Local Rules permits an attorney to withdraw from representation if the attorney has first provided "written notice to the client and all other parties and [obtained] leave of Court."  N.D. Ohio LR 83.9.  The American Bar Association's Rules of Professional Conduct indicate a lawyer may withdraw from representation if the client will not suffer materially-adverse effects, or if good cause for withdrawal exists.  ABA-AMRPC Rule 1.16(b)(1), (7).

This case remains in progress, with some discovery potentially yet to be completed, and no trials dates set.  For these reasons, and based upon the representations of counsel and of the

Plaintiffs, I conclude the Plaintiffs would not suffer materially-adverse effects if counsel were allowed to withdraw and grant the motion to withdraw. (Doc. No. 28).

## II. MOTION FOR SUGGESTION OF REMAND

Plaintiffs also have filed a motion for a suggestion of remand. (Doc. No. 14). Plaintiffs have opted out of the settlement programs Defendants have offered and assert this case should be returned to a court in the State of New York[1] for further proceedings. (Doc. No. 14 at 2-4).

The Judicial Panel on Multidistrict Litigation (the "JPML") "has the exclusive authority to remand a transferred case back to a transferor court." *In re Amazon.com, Inc.*, No. 1:13-CV-153-DJH, 2015 WL 4624162, at *2 (W.D. Ky. Aug. 3, 2015) (citing 28 U.S.C. § 1407(a)). In exercising this authority, the JPML considers the suggestion of the transferee court, which in turn must "consider at what point remand will best serve the expeditious disposition of the litigation." *In re Light Cigarettes Mktg. Sales Practices Litig.*, 832 F. Supp. 2d 74, 76 (D. Me. 2011) (quoting the Manual for Complex Litigation § 31.133). A case should remain as part of the MDL when the case will continue to benefit from "consolidated proceedings," and where "continued consolidation will eliminate duplicative discovery, prevent inconsistent rulings, and conserve the resources of the parties, their counsel, and the judiciary." *In re Amazon.com, Inc.*, 2015 WL 4624162, at *2.

I conclude remand is not the best manner in which to proceed at this time. While over 99 % of the approximately 12,000 plaintiffs whose cases were filed in or transferred into this MDL have opted into one of the settlement rounds, those cases certainly are not the only ones which demand attention. This Court and leadership counsel for the parties continue to work on developing an

---

[1] Plaintiffs seek to have their case remanded to the Albany County, New York Supreme Court, where Plaintiffs initiated this case. (Doc. No. 14 at 4). As Plaintiffs acknowledge, however, Defendants removed the case to the United States District Court for the Northern District of New York. (Doc. No. 1). Further, the 30-day window for Plaintiffs to seek remand to state court expired on June 24, 2011. *See* 28 U.S.C. § 1447(c). Thus, the Northern District of New York is the transferor court.

appropriate course of action for addressing the claims of plaintiffs who opted-out of the settlement programs. Further, remanding the cases of opt-out plaintiffs would not serve the interests of efficiency and equity which the use of the MDL structure is intended to promote.

### III.   CONCLUSION

For the reasons stated above, I grant the motion of counsel for the Plaintiffs to withdraw, (Doc. No. 28), and deny Plaintiffs' motion for a suggestion of remand, (Doc. No. 14), without prejudice. The Clerk of Court shall serve a copy of this order by certified mail on the Plaintiffs at the Plaintiffs' last known address.

So Ordered.

s/ Jeffrey J. Helmick  9/12/19
United States District Judge